1  Tania L. Whiteleather SBN 141227
   Law Offices of Tania L. Whiteleather
2  5445 E. Del Amo Blvd., Ste 207
   Lakewood, CA 90712
3  tel (562) 866-8755  fax (562) 866-6875
   tlwhiteleather@juno.com
4
5  Attorney for Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





FILED
CLERK, U.S. DISTRICT COURT

NOV 1 9 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

JULIE WALHOVD,                 )   CASE NO. CV 08-00394
                               )   GAF (Cwx)
        Plaintiff,             )
                               )   (PROPOSED) JUDGMENT
   v.                          )
                               )
BELLFLOWER UNIFIED SCHOOL      )
DISTRICT,                      )
                               )
        Defendant.             )
_____)

        This matter came on for trial on September 1, 2009
on Plaintiff's Complaint for and Defendant's
Counterclaim, *and the Court having reviewed and
considered the objections to the proposed judgment*
        Following oral argument by the parties, it is hereby
**ORDERED, ADJUDGED AND DECREED:**

        The BUSD adequately assessed Plaintiff in the area
of reading, and provided services in reading comprehen-
sion that were appropriate to her needs and abilities.
The ALJ's determination that BUSD provided Plaintiff
with sufficient assessments and services in reading
comprehension is **AFFIRMED.**
        During the 2004-05 and 2005-06 school years, BUSD

1  and its IEP team did not determine what transition
2  programs and activities were necessary to meet
3  Plaintiff's unique educational needs.  BUSD's failure to
4  provide transition assessments and goals to Plaintiff
5  was a denial of FAPE during the 2004-05 and 2005-06
6  school years.

7       The ALJ's determination that BUSD failed to provide
8  adequate transition services during the 2004-05 and 2005
9  -06 school years is **AFFIRMED**.

10      As a remedy for BUSD's failure to provide adequate
11  transitional services, the ALJ ordered that BUSD provide
12  Plaintiff with a vocational assessment and up to ten
13  hours of one-to-one tutoring in compensatory services.

14      The ALJ's order for compensatory education for
15  BUSD's failure to provide appropriate transitional
16  services is **AFFIRMED**.

17      The Interim Settlement Agreement, entered into by
18  the parties on April 27, 2005, did not address nor
19  resolve the issue of compensatory education, as there
20  was nothing in the settlement agreement that identified
21  the issue of compensatory education as one settled by
22  the parties.

23      The ALJ's finding that the Interim Settlement
24  Agreement resolved the issue of compensatory education
25  is **REVERSED**, and the issue is **REMANDED** to the ALJ with
26  instructions that the ALJ consider the issue of
27  compensatory education for Plaintiff.

28      The ALJ properly ordered BUSD to reimburse Plaintiff

1  for the cost of the IEE by Lindamood-Bell; that order is

2  **AFFIRMED** by the Court.

3      The Court further finds that Plaintiff C.B. was the

4  prevailing party in the underlying administrative due

5  process hearing, Case No. 2007020519 (consolidated with

6  No. 2005110764), and that her degree of success in that

7  matter was both significant and substantial, justifying

8  an award of reasonable attorney's fees and costs to

9  Plaintiff. *T.N. v. Seattle School Dist No. 1, 474 F.3d 1165, 1171-73*

   *(9th Cir. 2007).*

10  Dated: _____11/19/09_____

12                              _____

13                              UNITED STATES DISTRICT COURT

                               JUDGE